**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BUILDING INDUSTRY ASSOCIATION - BAY AREA, | No. 18-15368 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-03392-VC |
| v. | MEMORANDUM* |
| CITY OF OAKLAND, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted August 5, 2019**
San Francisco, California

Before: SILER,*** HAWKINS, and NGUYEN, Circuit Judges.

The Building Industry Association-Bay Area ("BIA") challenges a 2017

ordinance passed by the City of Oakland, Oakland Mun. Code section 15.78.010,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*et seq.*, which imposes conditions on certain real estate development projects within the city. In relevant part, the ordinance requires developers to commit a small percentage (of up to 1%) of the project budget to displaying art in areas freely accessible to the public, or, alternatively, to pay that amount directly into a city fund that is set up to further those public art goals. BIA brought facial challenges under the Takings Clause of the Fifth Amendment and the First Amendment, which the district court ultimately dismissed with prejudice for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. BIA failed to state a claim under the Takings Clause. It argues that the ordinance imposes an unconstitutional condition by effectuating an "exaction" of property in contravention of *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825 (1987), and *Dolan v. City of Tigard*, 512 U.S. 374 (1994). However, the "predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 612 (2013). We find that the Ordinance conditions, which merely regulate how developers may use their property rather than forcing developers to cede property rights to the city, do not facially amount to a taking. *See Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). Moreover, even

2

assuming that they did, BIA is precluded by our precedent from raising its claim in this posture, both because it is a facial claim and because the claim challenges a legislative act, rather than an adjudicative land-use determination. *See McClung v. City of Sumner*, 548 F.3d 1219, 1228 n.4 (9th Cir. 2008), *abrogated on other grounds by Koontz*, 570 U.S. 595; *Garneau v. City of Seattle*, 147 F.3d 802, 811 (9th Cir. 1998). We thus affirm dismissal of this claim.

2.      Similarly, the BIA failed to state a facial claim under the First Amendment. We agree that the First Amendment is likely implicated: that is, we cannot say that displaying or subsidizing art is purely conduct without expressive content. *See Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 706–07 (1986). However, that the First Amendment is implicated does not alone necessitate analysis under exacting scrutiny. We find the compelled speech precedents put forth by BIA inapposite to the regulatory framework at hand. For example, the ordinance does not endorse any specific viewpoint, *see, e.g., Wooley v. Maynard*, 430 U.S. 705 (1977), nor does it compel the subsidy of private speech, *see, e.g., Janus v. AFSCME*, 138 S. Ct. 2448 (2018). In fact, given that the ordinance as a whole preserves wide latitude and flexibility for developers, we decline to hold that it necessarily "compels" speech, at least not in this facial challenge. As such, the district court did not err by applying the lower form of scrutiny set forth in *Zauderer*, or by concluding that Oakland's policy satisfies this review because the

ordinance is "reasonably related" to the city's legitimate interests in improving the city's aesthetics and raising real estate property values. *See Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 651 (1985). We accordingly affirm dismissal of this claim as well.

**AFFIRMED.**